UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC BIOSCIENCE
LABORATORIES, INC., a Washington
corporation,

        Plaintiff,

   v.

RN VENTURES LTD., a United Kingdom
corporation,

        Defendant.

No.

COMPLAINT FOR PATENT
INFRINGEMENT

**JURY DEMAND**

Plaintiff Pacific Bioscience Laboratories, Inc. ("PBL"), for its Complaint for Patent Infringement against Defendant RN Ventures Ltd., ("RN Ventures"), hereby alleges, by and through its attorney, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

**I.     INTRODUCTION**

1.     Plaintiff PBL dramatically changed the market for skin cleansing products when it introduced its innovative Clarisonic Sonic Skin Cleansing System (the "Clarisonic System") in 2004. The Clarisonic System employs motion and forces at sonic frequencies to cleanse, soften, and smooth skin.

COMPLAINT FOR PATENT INFRINGEMENT – 1
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2. Prior to the introduction of the Clarisonic System, there were no sonic facial cleansing devices on the market. PBL created today's market for such products.

3. The Clarisonic System has been an enormous success and has achieved national recognition and awards. In 2010, PBL was named one of Inc. 500's Fastest Growing Private Companies.

4. PBL received broad protection for its innovations, including utility and design patents. However, PBL's innovations have been the subject of widespread imitation by others, who have attempted to capitalize on PBL's success.

5. Defendant RN Ventures is one such imitator. After seeing PBL's success, RN Ventures introduced its Magnitone Pulsar facial cleansing system ("Magnitone Pulsar"). RN Ventures has made the Magnitone Pulsar work and look like PBL's products, thereby infringing PBL's patents.

6. RN Ventures sells or has sold the Magnitone Pulsar throughout the United States at least through the Magnitone website, https://magnitone.co.uk/shop/magnitone-pulsar/, and other websites, such as http://www.lookfantastic.com/magnitone-pulsar-daily-skin-cleansing-toning-and-exfoliation-brush-for-face-and-body/10858382.html.

7. PBL seeks to stop RN Ventures' infringing conduct and obtain compensation for the violations that have occurred thus far.

## II.   PARTIES

8. Plaintiff PBL is a Washington corporation incorporated in January 2001, with its principal place of business at 17275 NE 67th Court, Redmond, WA 98052.

9. In December 2011, PBL was acquired by L'Oréal S.A., a French société anonyme ("L'Oréal"). L'Oréal is the owner, and PBL is the exclusive U.S. licensee with the right, *inter alia*, to bring suit, of protectable patent rights as described herein.

COMPLAINT FOR PATENT INFRINGEMENT – 2
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

10. On information and belief, RN Ventures Ltd. is a corporation organized and existing under the laws of the United Kingdom with its principal place of business at Francis House, 10 Francis Street, London SW1P 1DE, United Kingdom.

11. On information and belief, RN Ventures manufactures, markets, and sells electric skin care devices under the name Magnitone Pulsar.

### III. JURISDICTION AND VENUE

12. This case arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

13. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

14. PBL has its principal place of business in this District, and makes its Clarisonic devices available for sale in this District.

15. This Court has personal jurisdiction over RN Ventures because, on information and belief, RN Ventures has committed and continues to commit the acts violating PBL's intellectual property described herein within the State of Washington, including in this District, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Washington, including in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and 28 U.S.C. § 1400(b) because, *inter alia*, PBL's principal place of business is within this District and PBL suffered harm in this District, because a substantial part of the events giving rise to the claims against RN Ventures occurred and are occurring in this District, and because RN Ventures transacts business within this District and offers for sale in this District products that infringe PBL's intellectual property.

### IV. BACKGROUND

17. Since the early 2000s, PBL has designed, developed, manufactured, marketed, and sold in the United States (and worldwide) its innovative Clarisonic System, which is a line of skin care products including a number of Sonic Cleansing Brushes and accessories, the

COMPLAINT FOR PATENT INFRINGEMENT – 3
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Clarisonic Opal® Sonic Infusion System, and targeted treatment solutions.  Examples of Clarisonic products are pictured below:

 

18. The Clarisonic System was developed by PBL over many years at great expense and effort and represents a breakthrough in devices and methods for treatment of early stage acne and for effective cleansing of skin.  Those devices and methods employ motion and forces at sonic frequencies to cleanse, soften, and smooth skin.  They alleviate clogged pores and remove debris from skin more gently and effectively than alternative devices or methods, such as manual cleansing.

19. The innovations embodied in the Clarisonic System are protected by numerous United States and foreign intellectual property rights, including rights deriving from patents.

20. Prior to the introduction of the Clarisonic System, there were no sonic facial cleansing devices on the market.  Indeed, before development of the Clarisonic System, no market existed for sonic skin care devices.  PBL expended considerable resources to create the sonic skin care market and to educate the public regarding facial cleansing, as well as to market its sonic facial cleansing devices.

21. Since its introduction, the Clarisonic System has become widely acclaimed by professionals and consumers, and has garnered many media awards from sources such as authoritative magazines in the beauty industry, Oprah's Favorite Things in 2007 on the Oprah

COMPLAINT FOR PATENT INFRINGEMENT – 4
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Winfrey Show, Best of Sephora in 2007 and 2008, and QVC Customer Choice in 2008, 2009, and 2010.

22.     The success of the Clarisonic System has spurred a large number of imitations, such as RN Ventures' Magnitone Pulsar, pictured below.



### V.     PBL'S PATENTS

### U.S. Patent No. 7,320,691

23.     U.S. Patent No. 7,320,691 ("the '691 patent") issued on January 22, 2008, and is entitled "Apparatus and Method for Acoustic/Mechanical Treatment of Early Stage Acne."  The inventors are Kenneth A. Pilcher, David Giuliani, and Stephen M. Meginniss.

24.     A copy of the '691 patent is attached as Exhibit 1.

25.     PBL is the exclusive licensee having all substantial rights in and to the '691 patent, with the rights to bring enforcement actions for past, present and future infringement and to collect damages for past infringement.

26.     The '691 patent has been reexamined pursuant to Reexamination Request Nos. 90/009,797 and 90/011,343.  The patentability of all of the originally issued claims 1-52 of the '691 patent was confirmed pursuant to these reexamination requests, and claims 53-64 were added.  A reexamination certificate issued on September 20, 2011.  *See* Exhibit 1.

COMPLAINT FOR PATENT INFRINGEMENT – 5
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

27. The '691 patent is valid, enforceable, and currently in full force and effect.

## U.S. Patent No. D523,809

28. U.S. Patent No. D523,809 ("the D'809 patent") issued on June 27, 2006, and is entitled "Charger for an Electric Skin Brush."  The inventors are Dane M. Roth, Robert E. Akridge, and Kenneth A. Pilcher.

29. A copy of the D'809 patent is attached as Exhibit 2.

30. PBL is the exclusive licensee having all substantial rights in and to the D'809 patent, with the rights to bring enforcement actions for past, present and future infringement and to collect damages for past infringement.

31. The D'809 patent is valid, enforceable, and currently in full force and effect.

## CLAIM I – INFRINGEMENT OF THE '691 PATENT

32. PBL hereby incorporates and realleges Paragraphs 1 - 31 as if fully set forth herein.

33. RN Ventures has been and/or is directly infringing one or more claims of the '691 patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, products, devices, or systems that are covered by the '691 patent, including the Magnitone Pulsar.

34. PBL has consistently and continuously marked its products with the '691 patent number pursuant to 35 U.S.C. § 287 and has provided constructive notice of the '691 patent. PBL seeks monetary and all other damages permitted by statute.

35. RN Ventures' infringement of the '691 patent has been and will continue to be willful and deliberate, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, infringing devices despite that such actions constitute infringement and despite being at least on constructive notice that its actions constitute infringement.

COMPLAINT FOR PATENT INFRINGEMENT – 6
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

36.     RN Ventures' infringement of the '691 patent has caused and will continue to cause PBL substantial and irreparable injury, for which PBL is entitled to all of the relief provided by 35 U.S.C. §§ 281, 283, 284, and 285, including but not limited to injunctive relief, compensatory damages not less than the amount of a reasonable royalty, interest, costs, enhanced damages, and reasonable attorney's fees, as the court deems just and appropriate.

## CLAIM II – INFRINGEMENT OF THE D'809 PATENT

37.     PBL hereby incorporates and realleges Paragraphs 1 - 36 as if fully set forth herein.

38.     RN Ventures has been and/or is directly infringing the D'809 patent pursuant to 35 U.S.C. § 271(a), by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, products, devices, or systems that embody the design covered by the D'809 patent, including the Magnitone Pulsar.



| D'809 Patent | Magnitone Pulsar Charging Station |

39.     PBL has consistently and continuously marked its products with the D'809 patent number pursuant to 35 U.S.C. § 287 and has provided constructive notice of the D'809 patent. PBL seeks monetary and all other damages permitted by statute.

COMPLAINT FOR PATENT INFRINGEMENT – 7
116576-8901/LEGAL125870072.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40. RN Ventures' infringement of the D'809 patent has been and will continue to be willful and deliberate, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, infringing devices despite that such actions constitute infringement and despite being at least on constructive notice that its actions constitute infringement.

41. RN Ventures' infringement of the D'809 patent has caused and will continue to cause PBL substantial and irreparable injury, for which PBL is entitled to all of the relief provided by 35 U.S.C. §§ 281, 283, 284, 285, and 289, including but not limited to injunctive relief, compensatory damages not less than the amount of a reasonable royalty, interest, costs, enhanced damages, RN Ventures' profits, and reasonable attorney's fees, as the court deems just and appropriate.

## VI.   DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PBL respectfully requests a trial by jury of all issues properly triable by jury.

## VII.   PRAYER FOR RELIEF

WHEREFORE, PBL prays for relief, as follows:

A. A judgment that RN Ventures has infringed one or more claims of the '691 patent;

B. A judgment that RN Ventures has infringed the D'809 patent;

C. An order and judgment preliminarily and permanently enjoining RN Ventures and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their investors, partners, parents, subsidiaries, divisions, successors, and assigns, from further acts of infringement of PBL's asserted patents;

D. A judgment awarding PBL all damages adequate to compensate for RN Ventures' infringement of PBL's asserted patents and/or RN Ventures' total profits pursuant to 35 U.S.C.

COMPLAINT FOR PATENT INFRINGEMENT – 8
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

§ 289, and in no event less than a reasonable royalty for RN Ventures' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

  E. A judgment declaring that RN Ventures' infringement of the asserted patents has been willful and deliberate;

  F. A judgment awarding PBL all damages, including treble damages, as a result of RN Ventures' willful and deliberate infringement of the asserted patents, pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

  G. A judgment declaring that this case is exceptional and awarding PBL its expenses, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

  H. Such other and further relief as the Court deems just and proper.

DATED: May 1, 2015       Respectfully submitted,

               By: s/ Ramsey M. Al-Salam
               Ramsey M. Al-Salam WSBA #18822
               **Perkins Coie LLP**
               1201 Third Avenue, Suite 4900
               Seattle, WA  98101-3099
               Tel:  (206) 359-8000
               Fax:  (206) 359-9000
               Email:  RAlsalam@perkinscoie.com

               Attorneys for Plaintiff
               Pacific Bioscience Laboratories, Inc.

COMPLAINT FOR PATENT INFRINGEMENT – 9
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

COUNSEL:

Robert M. Masters (*pro hac to be submitted*)
Timothy P. Cremen (*pro hac to be submitted*)
Lisa Y. Leung (WSBA No. 43015)
PAUL HASTINGS LLP
875 15th St. NW
Washington, D.C. 20005
Tel: (202) 551-1700
Fax: (202) 551-1705
robertmasters@paulhastings.com
timothy cremen@paulhastings.com
lisaleung@paulhastings.com

Robert L. Sherman (*pro hac to be submitted*)
Natalie G. Furman (*pro hac to be submitted*)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 230-7841
robertsherman@paulhastings.com
nataliefurman@paulhastngs.com

COMPLAINT FOR PATENT INFRINGEMENT – 10
116576-8901/LEGAL125870072.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000